Roderick F. ELLIOTT and Lorenzo D.
Purvis, Plaintiffs–Appellants,

v.

BOARD OF WELD COUNTY COMMIS-
SIONERS and Sheriff Ed Jordan,
Defendants–Appellees.

No. 89CA0547.

Colorado Court of Appeals,
Div. VI.

July 5, 1990.

Roderick F. Elliott, pro se.

Lorenzo D. Purvis, pro se.

Thomas O. David, County Atty., and
Bruce T. Barker, Asst. County Atty., Gree-
ley, for defendants-appellees.

Opinion by Judge SILVERSTEIN *.

Plaintiffs, Roderick F. Elliott and Loren-
zo D. Purvis, appeal the summary judg-
ment entered in favor of defendants, the
Board of Weld County Commissioners and
Sheriff Ed Jordan.  We affirm.

On May 9, 1988, the Board of Weld Coun-
ty Commissioners passed a resolution
which prohibited smoking in all of the coun-
ty's buildings.  Plaintiffs, who were at one
time incarcerated at the Weld County jail,
instituted this action under 42 U.S.C.
§ 1983 (1982) seeking injunctive relief and
monetary damages.  On defendants' mo-
tion, the trial court entered summary judg-
ment and dismissed plaintiffs' complaint.

On appeal, plaintiffs claim they
have a liberty and property right to smoke
tobacco products by virtue of § 25–14–102,
C.R.S. (1989 Repl.Vol. 11A), which, accord-
ing to plaintiffs, requires that public facili-
ties include an area for people who wish to
smoke.  Plaintiffs therefore argue that en-
forcement of the county resolution violates
the constitutional guaranties of due pro-
cess and equal protection.  The argument
is without merit.

* Sitting by assignment of the Chief Justice under
provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Contrary to plaintiffs' assertions, nothing in § 25–14–101, et seq., C.R.S. (1989 Repl.Vol. 11A) requires that public buildings include an area for people who smoke. Moreover, § 25–14–105 expressly authorizes counties to regulate smoking in public places. We therefore conclude that the statute does not give rise to a constitutional right to smoke in a jail or prison. *See Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

Plaintiffs next contend that enforcement of the resolution constitutes cruel and unusual punishment. We disagree.

The Eighth Amendment's prohibition against cruel and unusual punishment affords protection only against those conditions of confinement that involve the wanton and unnecessary infliction of pain, that result in the deprivation of basic human needs, or that are grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

Applying this principle to the instant case, we conclude that the enforcement within the Weld County jail of the resolution regulating smoking does not rise to the level of cruel and unusual punishment within the meaning of the Eighth Amendment. *Accord Doughty v. Board of County Commissioners*, 731 F.Supp. 423 (D.Colo.1989).

Plaintiff's remaining contentions are without merit.

Judgment affirmed.

STERNBERG, C.J., and NEY, J., concur.